IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, a Municipal Corporation, ROYAL HAWAIIAN BAND, AARON MAHI, Senior Director, ROBERT LARM, and SANFORD MASADA, <br><br> Defendants. | CV No. 01-00555-MEA-KSC <br> CV No. 02-00223-MEA-KSC <br> [Cases Consolidated] |
| MATTHEW HARRELL, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, a Municipal Corporation, ROYAL HAWAIIAN BAND, a Department of the City of Honolulu, and AARON MAHI, Senior Director of the Royal Hawaiian Band <br><br> Defendants. | |

## ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE REGARDING HCRC AND EEOC FINDINGS

MARVIN E. ASPEN, District Judge:

At the December 19, 2005 pretrial conference, Plaintiff Matthew Harrell objected to the admission of certain letters intended to be used as trial exhibits (and the accompanying witness testimony) by the City and County of Honolulu, the Royal Hawaiian Band, Aaron Mahi, Sr., Robert Larm and Sanford Masada (collectively the "City Defendants"). Specifically, Harrell

seeks to exclude: (a) the introduction of a May 22, 2001 Notice of Dismissal and Right to Sue letter sent to him by the Hawaii Civil Rights Commission ("HCRC") informing him that his case would "be closed on the basis of no cause;" (b) a June 15, 2001 letter also sent by the HCRC addressing his request for reconsideration; and (c) a June 8, 2001 right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC") adopting the conclusion of the HCRC. In their supplemental memorandum, as at the pretrial conference, the City Defendants claim that these letters are admissible in accordance with the Ninth Circuit's ruling in *Plummer v. Western International Hotels Company, Inc.*, 656 F.2d 502, 505 (9th Cir. 1981). Plaintiff contends that the Ninth Circuit's opinion in *Beachy v. Boise Cascade International Corporation* precludes introduction of the letters, which are unfairly prejudicial. 191 F.3d 1010, 1015 (9th Cir. 1999).

As Plaintiff correctly observes, the Ninth Circuit in *Beachy* expressed concern over the "greater risk of unfair prejudice involved in introducing a final agency ruling as opposed to a probable cause determination, because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results." *Id.* For that reason, "an agency's determination that insufficient facts exist to continue an investigation is not *per se* admissible in the same manner as an agency's determination of probable cause [as held in *Plummer*]." *Beachy*, 191 F.3d at 1015. Accordingly, the prejudicial effect of the HCRC and EEOC letters must be weighed against their probative value pursuant to Federal Rule of Evidence 403. *Id.*

Here, the prejudicial nature of the HCRC and EEOC determinations far outweighs their slight probative value. The HCRC "no cause" finding and the EEOC's rubberstamp adoption thereof have only minimal relevance to Plaintiff's case or the defense. The May 22, 2001 HCRC

letter and the EEOC letter neither describe the relevant investigation, nor otherwise demonstrate relevance or reliability. The June 15, 2001 HCRC letter, while quite detailed, is highly prejudicial. For example, it states that the bassoonist "audition scores . . . appear to be based on serious assessment of the quality of the musical performance." (City Defs' Suppl. Memo., Exh. C at 2.) The HCRC letter ultimately concludes that "we cannot prove you were subjected to unlawful discrimination." *Id.* Without question, the June 15 letter speaks directly on several key points the jurors alone must decide. Because the "jury might find it difficult to evaluate independently evidence of discrimination" after being informed of the HCRC's final results, we exclude these letters – and any testimonial evidence describing the investigation specifics or the HCRC reconsideration – under Rule 403. *See Beachy*, 191 F.3d at 1015.

If necessary, the parties may stipulate to, or introduce testimonial evidence to establish, the facts that Plaintiff filed a charge with the agencies and received the prerequisite right to sue letters.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 1/5/06