CC: All Counsel of Record
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW HARRELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV No. 01-00555-MEA-KSC |
| | ) | CV No. 02-00223-MEA-KSC |
| CITY AND COUNTY OF HONOLULU, | ) | [Cases Consolidated] |
| a Municipal Corporation, ROYAL | ) | |
| HAWAIIAN BAND, AARON MAHI, | ) | |
| Senior Director, ROBERT LARM, and | ) | |
| SANFORD MASADA, | ) | |
| | ) | |
| Defendants. | ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 4 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

| | |
|---|---|
| MATTHEW HARRELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY AND COUNTY OF HONOLULU, | ) |
| a Municipal Corporation, ROYAL | ) |
| HAWAIIAN BAND, a Department of the | ) |
| City of Honolulu, and AARON MAHI, | ) |
| Senior Director of the Royal Hawaiian | ) |
| Band | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING CITY DEFENDANTS' MOTION IN LIMINE NO. 2

MARVIN E. ASPEN, District Judge:

In their Motion in Limine No. 2, Defendants City and County of Honolulu, the Royal Hawaiian Band, Aaron Mahi, Sr., Robert Larm and Sanford Masada (collectively the "City Defendants") seek to exclude audiotapes of the September 20, 2000 auditions of Plaintiff Matthew Harrell and the other bassoonist candidates. They object to the introduction of these

tapes should Plaintiff attempt "to have the jury adjudicate the relative musicianship of the three applicants." (Mot. Limine No. 2 at 2.) The City Defendants contend that the lengthy audiotapes are irrelevant, unfairly prejudicial and/or confusing because the layperson jury will be unable to appreciate any differences between the performances. (*Id.* at 3-4.) Plaintiff, on the other hand, claims that the tapes are circumstantial evidence of City Defendants' treatment of him. (Opp'n to Mot. Limine No. 2 at 2, 8.) He also alleges that the City Defendants sabotaged his audition and recorded his performance on inferior equipment, resulting in an unfair and unrepresentative tape. Accordingly, Plaintiff seeks to introduce the original audiotapes pursuant to the best evidence rule. Having considered the parties' positions as described in their briefs and at the December 19, 2005 pretrial conference, we deny Motion in Limine No. 2 and order the City Defendants to provide the original audiotapes for admission at trial.

Contrary to the City Defendants' contention, the audiotapes are highly probative evidence as to Plaintiff's qualifications. Indeed, the City Defendants have stressed that their hiring decisions were based largely on the audition performances, rather than the relative experience of or interviews with each candidate. The tapes are also particularly relevant to Plaintiff's claim that the City Defendants intentionally compromised the recording of his audition, a fact that may be obvious to even an untrained juror's ears. Because the overall relevance of this evidence outweighs its potential prejudice, the audiotapes may be admitted at trial with a proper foundation. *See* Fed. R. Evid. 403.

Moreover, the best evidence rule requires that the City Defendants present the original audiotapes for listening at trial. Pursuant to Federal Rule of Evidence 1002, a party seeking to "prove the content of a writing, recording, or photograph" must produce the original, or explain

2

its unavailability. *See* Fed. R. Evid. 1002, 1004; *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004); *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996); *United States v. Gonzalez-Benitez*, 537 F.2d 1051, 1053-1054 (9th Cir. 1976). The best evidence rule applies "when a witness seeks to testify about the contents of a . . . recording . . . without producing the physical item itself – particularly when the witness was not privy to the events those contents describe." *Bennett*, 363 F.3d at 953. As the Ninth Circuit noted in *Gonzalez-Benitez*, where "the ultimate inquiry" is "to discover what sounds were embodied on the tapes in question, the tapes themselves" are the best evidence. 537 F.2d at 1053. Here, Plaintiff seeks to introduce the tapes as evidence of the actual sound quality of the recording as compared to those of his competition, not simply as representations of the auditions. *See Bennett*, 363 F.3d at 953; *Workinger*, 90 F.3d at 1415. Under these circumstances, Plaintiff requires the original recordings as the best evidence. Because the City Defendants possess the original tapes, they must produce them for use at trial.

In light of the City Defendants' position, we invite them to submit a limiting instruction addressing their concern of possible jury confusion or any other concerns they may have with the admission of the audiotapes. The City Defendants may submit a proposed limiting instruction and serve a copy on Plaintiff, if they choose, at 9:00 a.m. on January 5, 2006. It is so ordered.

                                              MARVIN E. ASPEN
                                              United States District Judge

Dated 1/5/06