*ORIGINAL*

*Of: Judge*
*Aspen*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 11 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

| | |
|---|---|
| MATTHEW HARRELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, Aaron Mahi, Sr. Director, Robert Larm, Sanford Masada.<br><br>Defendants.<br>_____<br><br>MATTHEW HARRELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, A Dept. of the City of Honolulu; Aaron Mahi, Sr. Director,<br><br>Defendants | Civil No. 01-00555 MEA-KSC<br>Civil No. 02-00223 MEA-KSC<br>[Cases Consolidated]<br><br>MARKED JURY INSTRUCTIONS<br><br>Trial Date: January 4, 2006<br><br>Judge: Honorable Marvin E. Aspen |

## MARKED JURY INSTRUCTIONS

## 1.1 DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

### Comment

See Instruction 3.1 (Duties of Jury to Find Facts and Follow Law) for an instruction at the end of the case.


**GIVEN BY AGREEMENT**


_____
United States District Court Judge

## 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.


**GIVEN BY AGREEMENT**


_____
United States District Court Judge

## 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### Comment

See Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue).

*See also* Instructions 2.10 (Limited Purpose Evidence), 2.11 (Impeachment by Conviction of Crime), and 3.3 (What Is Not Evidence).

**GIVEN BY AGREEMENT**

_____

United States District Court Judge

## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Comment

See Instruction 3.5 (Direct and Circumstantial Evidence) for an instruction at the end of case.

It may be helpful to include an illustrative example in the instruction: By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by

//

//

//

circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**GIVEN BY AGREEMENT**

_____

United States District Court Judge

## 1.7 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### Comment

See Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

//

//

//

//

## Comment

See Instruction 3.6 (Credibility of Witnesses) for an instruction at the end of the case.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### Comment

An abbreviated instruction should be repeated before the first recess and as needed before other recesses. *See* Instruction 2.1 (Cautionary Instruction at First Recess).

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino–Noriega,* 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied,* 528 U.S. 989 (1999).

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 1.10 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

### Comment

The previous version of this instruction has been modified to delete the suggestion that readbacks are either unavailable or highly inconvenient. The practice of discouraging readbacks has been criticized in *United States v. Damsky,* 740 F.2d 134, 138 (2d Cir.), *cert. denied,* 469 U.S. 918 (1984). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.1.F (1998).

The court may wish to repeat this instruction in the instructions at the end of the trial.


**GIVEN BY AGREEMENT**


_____
United States District Court Judge

## 1.11 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (1998).

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.


**GIVEN BY AGREEMENT**


_____
United States District Court Judge

## 1.13 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

See Chapter 5 regarding instructions on burdens of proof. This instruction may not apply to cases based on state law.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

### Comment

*See* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 4.3.B and § 4.3.C (1998).

//

//

*See also* Fed. R. Civ. P. 51.


**GIVEN BY AGREEMENT**


_____
United States District Court Judge

## 3.2 WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

### Comment

*See United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.) (material facts to which the parties voluntarily stipulate are to be treated as "conclusively established") (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (9th Cir.1999).

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 3.3 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

//

//

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, see Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and 2.11 (Impeachment by Conviction of Crime).

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 3.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 3.6 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 3.7 OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from [a] person[s] who, because of education or experience, [is] [are] permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 602, 701–05.

The committee recommends that this instruction be given only upon request. Since expert testimony is so common in modern jury trials, there is no good reason why it should be treated differently from other testimony.

**GIVEN BY AGREEMENT**

_____

United States District Court Judge

### 3.10 CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

*See* Fed. R. Evid. 1006. *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998). This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 4.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**GIVEN BY AGREEMENT**

_____

United States District Court Judge

## 4.2 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 4.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 4.4 RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 5.1 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


**GIVEN BY AGREEMENT**


_____
United States District Court Judge

## 7.3 DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

### Comment

The trier-of-fact is to mitigate damages by discounting awards to present value when there has been received into evidence appropriate discount rates. *Passantino v. Johnson & Johnson Consumer Products, Inc.* 212 F.3d 493, 509 (9th Cir.2000).


**GIVEN BY AGREEMENT**


_____

United States District Court Judge

## 7.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.   The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any

party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.   [Punitive damages may not be awarded against _____.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

### Comment

Punitive damages are not available in every case.  For example, punitive damages are not available against municipalities, counties, or other governmental entities unless expressly authorized by statute. *City of Newport, et al. v. Fact Concerts, Inc., et al.*, 453 U.S. 247, 259-71 (1981). Punitive damages may, however, be available against governmental employees acting in their individual capacities. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254.  In diversity cases, look to state law for an appropriate instruction.

Regarding when punitive damages may be awarded in Title VII actions, *see Kolstad v.American Dental Assn.*, 527 U.S. 526 (1999); *Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir.2000). *See also Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 514 (9th Cir. 2000).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a (b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. National Railroad Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Company*, 532 U.S. 843 (2001). *See also Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 12.

If punitive damages are available, and evidence of defendant's financial condition is offered in support of such damages, the judge may be requested to instruct the jury during trial and/or at the end of the case about the limited purpose of such evidence. See Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and the bracketed material in 3.3 (What Is Not Evidence).

Regarding oppressive conduct, see *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) (holding it was error not to instruct on oppressive conduct as an alternative basis for punitive damages).

Regarding degree of reprehensibility and punitive damages generally, *see BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); see also *Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir. 1993) ("*Haslip* said that instructions should be fashioned to

describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future."). *See State Farm Mut. Auto. Ins. Co. v Campbell,* 538 U.S. 408 (2003), referring to *Gore and Haslip* and stating that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, or, in this case, of 145 to 1. (citation omitted) . . .. Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" (*citing Gore*, 517 U.S. at 582.) For an application of *the State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, see *Bains LLC v. Arco Products Co.,* 405 F.3d 764 (9th Cir. 2005).

*Approved 9/2005*

**GIVEN BY AGREEMENT**

_____

United States District Court Judge

## 12.1A   DISPARATE TREATMENT—WHERE EVIDENCE SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR"

The plaintiff has brought a claim of employment discrimination against the defendant.  The plaintiff claims that [his] [her] [[race] [color] [religion] [sex] [national origin]] was either the sole reason or a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff.  The defendant denies that plaintiff's [[race] [color] [religion] [sex] [national origin]] was either the sole reason or a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff [and further claims the decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff was based upon [a] lawful reason[s]].

### Comment

Use this instruction and Instructions 12.1B and 12.1C whenever the Title VII claim is based on disparate treatment.

For a definition of "adverse employment action" in disparate treatment cases, see Instruction 12.4A.2.

The Civil Rights Act of 1991 clarified the extent to which an improper motive may be the basis for liability when a defendant's actions are based upon both lawful and unlawful motives.  The Act rendered such cases triable by jury on

the issue of compensatory and punitive damages. 42 U.S.C. § 1981a(c). The Act further clarified that a defendant is liable if the plaintiff shows that the discrimination was a "motivating factor" in the challenged decision or action, "even though other factors also motivated" the challenged action or decision and regardless of whether the case was one of "pretext" or "mixed motives." 42 U.S.C. § 2000e-2(m).

Where the defendant would have made the same decision in the absence of a discriminatory motive, the plaintiff's remedies are limited under the 1991 Act to declaratory or injunctive relief, as well as attorneys' fees and costs. 42 U.S.C. § 2000e-5(g)(2)(B) (modifying *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)). *See also Washington v. Garrett*, 10 F.3d 1421, 1432 n.15 (9th Cir.1993), for a discussion of remedy limitations under the 1991 Act.

The judge should consider providing the jury with the following special verdict form to determine the jury's findings on the question of sole or mixed motive.

*Approved 8/2004*

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

## 12.1C   DISPARATE TREATMENT—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that [his] [her] [[race] [color] [religion] [sex] [national origin]] was a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] [him] [her], the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    the plaintiff was [[discharged] [not hired] [not promoted] [demoted] [*state other adverse action*]] by the defendant; and

2.    the plaintiff's [[race] [color] [religion] [sex] [national origin]] was a motivating factor in the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff.

[If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.]

**[*If "same decision" affirmative defense applies, add the following, and omit the bracketed paragraph above*:]**

If plaintiff has failed to prove either of these elements, your verdict should be for the defendant.  If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also

motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendant's decision was motivated both by [[race] [color] [religion] [sex] [national origin]] and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's [[race] [color] [religion] [sex] [national origin]] had played no role in the employment decision.

### Comment

See Comment to Instruction 12.1A.

*Approved 12/2004*

## GIVEN BY AGREEMENT

_____
United States District Court Judge

## 12.3A   RETALIATION—ELEMENTS

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the plaintiff engaged in or was engaging in an activity protected under federal law, that is [*activity*];

2.    the employer subjected the plaintiff to an adverse employment action, that is [*adverse employment action*]; and

3.    [the protected activity was a substantial or motivating factor in the adverse employment action.]

*or*

3.    [the protected activity was one of the reasons for the adverse employment action and that but for such activity, the plaintiff would not have been subjected to the adverse employment action].

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed  to prove any one of these elements, your verdict should be for the defendant.

//

//

## Comment

See generally the Comment at 12.3.

For a definition of "adverse employment action" in the context of retaliation, see Instruction 12.4A.1.

See the Comment at 12.3 for a discussion of the requisite causal link between the protected activity and the adverse employment decision, and the uncertainty in the Ninth Circuit regarding the appropriate jury instruction to express this causation requirement.

In order to be protected activity, the plaintiff's opposition must have been directed toward a discriminatory act by the defendant employer or an agent of the defendant employer. *See Silver v. KCA, Inc.*, 586 F.2d 138, 140–42 (9th Cir.1978) (employee's opposition to a racially discriminatory act of a co-employee cannot be the basis for a retaliation action); *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013-14 (9th Cir.1983) (employee's objections to discriminatory practices by the warehouse personnel manager, on facts presented, constituted objections to discriminatory actions of the employer).

Only reasonable opposition to the employment practice is protected by Title VII. *See, e.g., Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1354–56 (9th Cir.1984); *Crown Zellerbach Corp.*, 720 F.2d at 1015.

Informal as well as formal complaints or demands are protected activity under Title VII. *See Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir.2000).

*See also Allen v. Iranon*, 283 F.3d 1070, 1075-76 (9th Cir.2002) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

*Approved 8/2004*

**GIVEN BY AGREEMENT**

_____
United States District Court Judge

**JURY INSTRUCTION NO. _____**

Plaintiff's own subjective belief of discrimination, no matter how genuine, cannot serve as a basis of finding that discrimination against the plaintiff likely occurred.

Nichols v. Loral Vought System Corp., 81 F.3d 38, 41, 42 (5th Cir. 1996); see also Steckl v. Motorola, Inc., 703 F.2d 392, 292 (9th Cir. 1983).

**GIVEN OVER OBJECTION**

_____
United States District Court Judge

## JURY INSTRUCTION NO. _____

In order for plaintiff to prevail on his claim of intentional infliction of emotional distress, plaintiff must show by a preponderance of the evidence the following:

1)     The City Defendants' conduct was extreme and outrageous;

2)     The conduct was intentional or reckless;

3)     The plaintiff suffered emotional distress as a result of extreme and outrageous conduct by the defendants; and

4)     The emotional distress was severe.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions Civil Section 81.05 (4th ed. 1987).

**GIVEN OVER OBJECTION**

_____
United States District Court Judge