orig
cc:
Judge Aspen

ORIGINAL

CARRIE K.S. OKINAGA, 5958
Corporation Counsel
DEREK T. MAYESHIRO, 6858
MOANA A. YOST, 7738
JANE KWAN, 7976
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808)523-4890/523-4065
Facsimile: (808) 523-4583
e-mail: dmayeshiro@honolulu.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 11 2006

at 8 o'clock and ___ min. ___M
SUE BEITIA, CLERK

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL,<br><br>      Plaintiff,<br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, Aaron Mahi, Sr. Director, Robert Larm, Sanford Masada.<br><br>      Defendants.<br><br>MATTHEW HARRELL,<br><br>      Plaintiff,<br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, A Dept. of the City of Honolulu; Aaron Mahi, Sr. Director,<br><br>      Defendants. | Civil No. 01-00555 MEA-KSC<br>Civil No. 02-00223 MEA-KSC<br>[Cases Consolidated]<br><br>JOINT SPECIAL VERDICT FORM<br><br>TRIAL: JANUARY 4, 2006<br><br>JUDGE: HONORABLE MARVIN E. ASPEN |

JOINT SPECIAL VERDICT FORM

Defendants CITY AND COUNTY OF HONOLULU, the ROYAL HAWAIIAN BAND, AARON MAHI, ROBERT LARM and SANFORD MASADA, and Plaintiff MATTHEW HARRELL by and through their undersigned attorneys, hereby submit their Joint Special Verdict Form.

DATED: Honolulu, Hawaii, January 11, 2006.

        CARRIE K.S. OKINAGA
        Corporation Counsel


By   _____
      DEREK T. MAYESHIRO
      MOANA A. YOST
      JANE KWAN
      Deputies Corporation Counsel
      Attorneys for Defendants



_____
ANDRE S. WOOTEN
Attorney for Plaintiff
MATTHEW HARRELL

## SPECIAL VERDICT FORM

The jury must answer all of the questions presented, unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form prior to proceeding to answer. Answer the questions in numerical order. Follow all directions carefully. <u>Each</u> answer requires the agreement of all seven jurors. If you do not understand any questions, or if you wish to communicate with the Court on any other subject, you must do so in writing through the bailiff.

## DEFENDANT AARON MAHI

**[Title VII, Title VI and 42 U.S.C. Section 1981 Race Discrimination Claims]**

<u>Question No. 1.</u>

Did Matthew Harrell prove by a preponderance of the evidence that Aaron Mahi discriminated against Matthew Harrell?

YES ____   NO ____

(If you answered yes, go to question 2. If you answered no, go to question 7.)

Question No. 2.

Did Matthew Harrell prove by a preponderance of the evidence that such discrimination by Aaron Mahi deprived Matthew Harrell of a protected benefit of employment?

YES _____   NO _____

(If you answered yes, go to question 3. If you answered no, go to question 7.)

Question No. 3.

Did Matthew Harrell prove by a preponderance of the evidence that Matthew Harrell's race was the sole reason or a motivating factor for Aaron Mahi's discriminatory behavior?

YES _____   NO _____

(If you answered yes, go to question 4. If you answered no, go to question 7.)

Question No. 4.

Did Matthew Harrell prove by a preponderance of the evidence that he suffered some injury or damage as a direct result of Aaron Mahi's discriminatory behavior?

YES ____ NO ____

(If you answered yes, go to question 5. If you answered no, go to question 7.)

Question No. 5.

Did Aaron Mahi prove by a preponderance of the evidence that the injurious result to Matthew Harrell would have still occurred whether or not Aaron Mahi's behavior had been motivated by Matthew Harrell's race?

YES ____ NO ____

(If you answered no, go to question 6. If you answered yes, go to question 7.)

Question No. 6.

For this claim, what do you find the total amount of damages caused by Aaron Mahi, has been proven at trial?

$ _____

(If you answered this question, please go on to the next question.)

## [Retaliation]

Question No. 7.

Did Matthew Harrell prove by a preponderance of the evidence that Aaron Mahi had a duty to offer Matthew Harrell part-time work with the Royal Hawaiian Band after Plaintiff was not selected for the solo bassoonist position?

YES ____ NO ____

(If you answered yes, go to question 8. If you answered no, go to question 12.)

Question No. 8.

Did Matthew Harrell prove by a preponderance of the evidence that Aaron Mahi violated his duty to offer Matthew Harrell part-time work with the Royal Hawaiian Band after Plaintiff was not selected for the solo bassoonist position?

YES ____ NO ____

(If you answered yes, go to question 9. If you answered no, go to question 12.)

Question No. 9.

Did Matthew Harrell establish by a preponderance of the evidence that Aaron Mahi's failure to offer Matthew Harrell part-time work with the Royal Hawaiian Band after Plaintiff was not selected for the solo bassoonist position was motivated by, and done in retaliation for, Matthew Harrell filing his March 3, 2001, Discrimination Complaint?

YES ____ NO ____

(If you answered yes, go to question 10. If you answered no, go to question 12.)

Question No. 10.

Did Matthew Harrell prove by a preponderance of the evidence he suffered some injury or damage as a direct result of such retaliation?

YES ____ NO ____

(If you answered yes, go to question 11. If you answered no, go to question 12.)

Question No. 11.

For this claim, what do you find the total amount of damages were caused by such retaliation by Aaron Mahi?

$ _____

(If you answered this question, please go on to the next question.)

7

## DEFENDANT ROBERT LARM

**[Title VII, Title VI and 42 U.S.C. Section 1981 Race Discrimination Claims]**

Question No. 12.

Did Matthew Harrell prove by a preponderance of the evidence that Robert Larm discriminated against Matthew Harrell?

YES \_\_\_\_   NO \_\_\_\_

(If you answered yes, go to question 13. If you answered no, go to question 18.)

Question No. 13.

Did Matthew Harrell prove by a preponderance of the evidence that such discrimination by Robert Larm deprived Matthew Harrell of a protected benefit of employment?

YES \_\_\_\_   NO \_\_\_\_

(If you answered yes, go to question 14. If you answered no, go to question 18.)

8

Question No. 14.

Did Matthew Harrell prove by a preponderance of the evidence that Matthew Harrell's race was the sole reason or a motivating factor for Robert Larm's discriminatory behavior?

YES ____ NO ____

(If you answered yes, go to question 15. If you answered no, go to question 18.)

Question No. 15.

Did Matthew Harrell prove by a preponderance of the evidence that he suffered some injury or damage as a direct result of Robert Larm's discriminatory behavior?

YES ____ NO ____

(If you answered yes, go to question 16. If you answered no, go to question 18.)

Question No. 16.

Did Robert Larm prove by a preponderance of the evidence that the injurious result to Matthew Harrell would have still occurred whether or not Robert Larm's behavior had been motivated by Matthew Harrell's race?

YES ____ NO ____

(If you answered no, go to question 17. If you answered yes, go to question 18.)

Question No. 17.

For this claim, what do you find the total amount of damages caused by Robert Larm has been proven at trial?

$_____

(If you answered this question, please go on to the next question.)

DEFENDANT SANFORD MASADA

**[Title VII, Title VI and 42 U.S.C. Section 1981 Race Discrimination Claims]**

Question No. 18.

Did Matthew Harrell prove by a preponderance of the evidence that Sanford Masada discriminated against Matthew Harrell?

YES ____ NO ____

(If you answered yes, go to question 19. If you answered no, go to question 24.)

Question No. 19.

Did Matthew Harrell prove by a preponderance of the evidence that such discrimination by Sanford Masada deprived Matthew Harrell of a protected benefit of employment?

YES _____   NO _____

(If you answered yes, go to question 20. If you answered no, go to question 24.)

Question No. 20.

Did Matthew Harrell prove by a preponderance of the evidence that Matthew Harrell's race was the sole reason or a motivating factor for Sanford Masada's discriminatory behavior?

YES _____   NO _____

(If you answered yes, go to question 21. If you answered no, go to question 24.)

Question No. 21.

Did Matthew Harrell prove by a preponderance of the evidence that he suffered some injury or damage as a direct result of Sanford Masada's discriminatory behavior?

YES ____ NO ____

(If you answered yes, go to question 22. If you answered no, go to question 24.)

Question No. 22.

Did Sanford Masada prove by a preponderance of the evidence that the injurious result to Matthew Harrell would have still occurred whether or not Sanford Masada's behavior had been motivated by Matthew Harrell's race?

YES ____ NO ____

(If you answered no, go to question 23. If you answered yes, go to question 24.)

Question No. 23.

For this claim, what do you find the total amount of damages caused by Sanford Masada has been proven at trial?

$_____

(If you answered this question, please go on to the next question.)

12

DEFENDANT AARON MAHI, SR.

**[Intentional Infliction of Emotional Distress]**

Question No. 24.

Did Matthew Harrell prove by a preponderance of the evidence that the illegal act(s) of Aaron Mahi intentionally caused Matthew Harrell to suffer severe emotional distress?

YES ____ NO ____

(If you answered yes, go to question 25. If you answered no, go to question 27.)

Question No. 25.

Did Matthew Harrell prove by a preponderance of the evidence that Aaron Mahi knew or should have known that the illegal act(s) committed by Aaron Mahi would result in Matthew Harrell suffering severe emotional distress?

YES ____ NO ____

(If you answered yes, go to question 26. If you answered no, go to question 27.)

Question No. 26.

What do you find to be the amount of damages that were intentionally caused by Aaron Mahi to Matthew Harrell?

    Special Damages:                           $_____

    General Damages:                         $_____

(If you answered this question, please go on to the next question.)

DEFENDANT ROBERT LARM

**[Intentional Infliction of Emotional Distress]**

Question No. 27.

Did Matthew Harrell prove by a preponderance of the evidence that the illegal act(s) of Robert Larm intentionally caused Matthew Harrell to suffer severe emotional distress?

    YES \_\_\_\_  NO \_\_\_\_

(If you answered yes, go to question 28. If you answered no, go to question 30.)

Question No. 28.

Did Matthew Harrell prove by a preponderance of the evidence that Robert Larm knew or should have known that the illegal act(s) committed by Robert Larm would result in Matthew Harrell suffering severe emotional distress?

YES \_\_\_\_  NO \_\_\_\_

(If you answered yes, go to question 29.  If you answered no, go to question 30.)

Question No. 29.

What do you find to be the amount of damages that were intentionally caused by Robert Larm to Matthew Harrell?

| | |
|---|---|
| Special Damages: | $_____ |
| General Damages: | $_____ |

(If you answered this question, please go on to the next question.)

## DEFENDANT SANFORD MASADA

**[Intentional Infliction of Emotional Distress]**

Question No. 30.

Did Matthew Harrell prove by a preponderance of the evidence that the illegal act(s) of Sanford Masada intentionally caused Matthew Harrell to suffer severe emotional distress?

YES \_\_\_\_ NO \_\_\_\_

(If you answered yes, go to question 31. If you answered no, go to question 33.)

Question No. 31.

Did Matthew Harrell prove by a preponderance of the evidence that Sanford Masada knew or should have known that the illegal act(s) committed by Sanford Masada would result in Matthew Harrell suffering severe emotional distress?

YES \_\_\_\_ NO \_\_\_\_

(If you answered yes, go to question 32. If you answered no, go to question 33.)

16

Question No. 32.

What do you find to be the amount of damages that were intentionally caused by Sanford Masada to Matthew Harrell?

Special Damages:                $_____

General Damages:                $_____

(If you answered this question, please go on to the next question.)

DEFENDANTS CITY AND COUNTY OF HONOLULU
AND THE ROYAL HAWAIIAN BAND

**[Title VII, Title VI and 42 U.S.C. Section 1981 Race Discrimination, Retaliation and Intentional Infliction of Emotional Distress Claims]**

Question No. 33.

The City and County of Honolulu and the Royal Hawaiian Band are to be treated as the same entity for the purposes of your deliberations. Did Matthew Harrell prove by a preponderance of the evidence that the City and County of Honolulu and the Royal Hawaiian Band are liable for any wrongful acts or omissions of Aaron Mahi, Robert Larm and/or Sanford Masada?

YES ____ NO ____

(If you answered yes, go to question 34. If you answered no, go to question 35.)

17

Question No. 34.

For any such wrongful acts or omissions of Aaron Mahi, Robert Larm and/or Sanford Masada, what do you find the total amount of damages caused by the City and County of Honolulu and the Royal Hawaiian Band has been proven at trial?

$_____

(If you answered this question, please go on to the next question.)

**[Punitive Damages]**

Preliminary Instruction

You must use the clear and convincing standard of evidence for all claims for punitive damages being asserted by Plaintiff Matthew Harrell against Defendants Aaron Mahi, Robert Larm and Sanford Masada in their individual capacities.

The clear and convincing standard of evidence is a higher standard of evidence than the preponderance of evidence standard of evidence.

Question No. 35.

    If you awarded nominal, special, or general damages to Matthew Harrell for any of his claims of racial discrimination, retaliation, and/or intentional infliction of emotional distress, you may, but are not required to, award punitive damages against Aaron Mahi, Robert Larm and/or Sanford Masada whom you have found by the higher standard of clear and convincing evidence to have willfully and maliciously violated Matthew Harrell's constitutional rights. If you did not award nominal, special, or general damages against Aaron Mahi, Robert Larm and/or Sanford Masada, put "0" in the blanks.

    Punitive damages against

        Aaron Mahi (in his individual capacity)

$_____

Punitive damages against

        Robert Larm (in his individual capacity)

$_____

Punitive damages against

        Sanford Masada (in his individual capacity)

$_____

The Foreperson shall date and sign the Verdict Form and notify the Bailiff that you have reached a decision.

DATED: Honolulu, Hawaii, _____.

 

_____
Foreperson