ORIGINAL

Law Office of Andre' S. Wooten
Attorney and Counselor at Law

ANDRE' S. WOOTEN, ESQ.
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: (808) 545-4165

Attorney for Plaintiff
MATTHEW HARRELL,



UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN    2005

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY AND COUNTY OF HONOLULU, ) <br> A Municipal corporation, the ) <br> Royal Hawaiian Band, Aaron ) <br> Mahi, Sr. Director, Robert ) <br> Larm, Sanford Masada. ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 01-00555 MEA-KSC <br><br> PLAINTIFF MATTHEW HARRELL'S OBJECTION TO ABSENCE OF BLACK JURORS IN JURY PANEL & MOTION FOR MISTRIAL <br> CERTIFICATE OF SERVICE <br><br><br><br><br><br> Judge: Hon. Marvin E. Aspen <br> Trial Date: January 4, 2006 |

## PLAINTIFF MATTHEW HARRELL'S OBJECTION TO LACK OF BLACK JURORS IN JURY PANEL & MOTION FOR MISTRIAL

COMES NOW, the Plaintiff MATTHEW HARRELL, by and through his attorney of record ANDRE' S. WOOTEN, who hereby submit objection to the selection and composition of the panel culled for his trial, which had a total absence of African-American jurors in the pool.    While we were not pleased and expressed our displeasure in the status conference before jury selection, noting that none of the people in the pool noted on their jury cards indicated that they were black people, after

reviewing the jury card before the trial.

We also noted that some cards were not marked in that area at all, and at least one was marked "human". So, it seemed prudent to wait and see, because black people are human.

However, upon actually viewing the jury panel and engaging in voir dire, it did become clear that this panel was devoid of African-American even as potential jurors on Plaintiff's jury. Which contravenes and violates Mr. Harrell, the African-American Plaintiff's, Constitutional Right to have his case tried by a jury of his peers, which, of course includes African-Americans. The City's attorneys do not even have to bump a black juror from the final jury, if there are none included in the 50 person pool of available jurors.

It is not as though African-Americans do not, or have for a long time resided in Hawaii, Indeed the original members of the Royal Hawaiian Band started by King Kamehameha III in 1835 were black musicians. And at 3% of the Hawaii population and 6% of the Hawaii prison population is African-American, one would therefore expect 2-3 African-Americans to be in the average jury pool of 100. Assuming the pool is drawn at random from the lists of licenced drivers and registered voters.

Plaintiff did not receive a fair shot at his Constitutional right to a trial by a jury of his peers with the selection or omission of a jury pool and trial jury devoid of black voters or drivers, denying him his right to a trial by a true jury of his peers. And as Constitutional rights have dimension and were written for a reason, Plaintiff must lodge his objection to the jury pool from which his panel of 8 reduced to 7 was selected.

In BATSON v. KENTUCKY, 476 U.S. 79 (1986) the U.S. Supreme Court ruled.

A defendant has no right to a petit jury composed in whole or in part of persons of his own race. Strauder v. West Virginia, 100 U.S. 303, 305. However, the Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race, or on the false assumption that members of his race as a group are not qualified to serve as jurors.

By denying a person participation in jury service on account of his race, the State also unconstitutionally discriminates against the excluded juror. Moreover, selection procedures that purposefully exclude black persons from juries undermine public confidence in the fairness of our system of justice.

The same equal protection principles as are applied to determine whether there is discrimination in selecting the venire also govern the State's use of peremptory challenges to strike individual jurors from the petit jury.

Consequently, Plaintiff requests a mistrial, due to the violation of his 14th Amendment Rights to Equal Protection of the law, due to the exclusion of African-American jurors from the entire pool of his jury.

Dated: Honolulu, Hawaii, January 6, 2006.

_____
Andre' S. Wooten
Attorney for Plaintiff Matthew Harrell

ANDRE S. WOOTEN    3887
Attorney at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, HI  96813
Phone:  (808) 545-4165

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Foregoing was duly served upon the following on  January 6, 2006  by:

( ) Delivering same, postage prepaid, addressed to:

( X ) Delivering to:

TO:  The Office of the Corporation Counsel
     David Arakawa, Esq.
     Derrick Miyashiro, Esq., Deputy
     Moana Yost, Exq., Deputy
     Honolulu Hale
     530 South King Street
     Honolulu, Hawaii  96813

     Attorneys for Defendants

_____
ANDRE' S. WOOTEN