CARRIE K.S. OKINAGA, 5958
Corporation Counsel
MOANA A. YOST, 7738
DEREK T. MAYESHIRO, 6858
JANE KWAN, 7976
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 523-4065/523-4890/523-4657
Facsimile: (808) 523-4583
e-mail: myost@honolulu.gov/dmayeshiro@honolulu.gov/jkwan@honolulu.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, Aaron Mahi, Sr. Director, Robert Larm, Sanford Masada.<br><br>　　　　Defendants.<br>_____<br>MATTHEW HARRELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, A Dept. of the City of Honolulu; Aaron Mahi, Sr. Director,<br><br>　　　　Defendants. | Civil No. 01-00555 MEA-KSC<br>Civil No. 02-00223 MEA-KSC<br>[Cases Consolidated]<br><br>CITY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF MATTHEW HARRELL'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS OBJECTION TO ABSENCE OF BLACK JURORS IN JURY PANEL AND MOTION FOR MISTRIAL; DECLARATION OF JANE KWAN; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br><u>Hearing</u><br>Date: April 13, 2006<br>Time: 12:00 p.m.<br>Judge: Honorable Marvin E. Aspen<br><br>Trial: January 4, 2006 |

CITY DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF MATTHEW HARRELL'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF HIS OBJECTION TO ABSENCE
OF BLACK JURORS IN JURY PANEL AND MOTION FOR MISTRIAL

Come now, Defendants City and County of Honolulu, the Royal Hawaiian Band, Aaron Mahi, Robert Larm, and Sanford Masada (hereinafter "City Defendants"), by and through their attorneys, CARRIE K.S. OKINAGA, Corporation Counsel, and MOANA A. YOST, DEREK T. MAYESHIRO and JANE KWAN, Deputies Corporation Counsel, and hereby file their Memorandum In Opposition To Plaintiff Matthew Harrell's Supplemental Memorandum in Support of His Objection to Absence of Black Jurors in Jury Panel & Motion For Mistrial.

Plaintiff's Motion for Mistrial is premised on the belief that African-Americans were not represented in the jury pool of this case. Plaintiff relies on *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986) in seeking a mistrial due to the lack of African-American jurors. City Defendants oppose Plaintiff's Motion for the reasons stated below.

I.   PLAINTIFF'S MOTION IS UNTIMELY.

Plaintiff waited until the jury was sworn and trial began before raising his objection to the jury pool and moved for a mistrial. His untimely motion is not only prejudicial to the City Defendants, it is also a waste of judicial economy

2

because the jury has reached a verdict. Furthermore, Plaintiff's assertion that African-Americans were not represented in the jury pool lacks factual support.

As Plaintiff correctly noted, some jury cards were simply not marked in the area of race, and one was marked "human." There were no questions posed to the pool to ascertain the race of the individuals who failed to identify their race on the jury card. As this Court observed, and Plaintiff's counsel agreed, a person's race is not always easily identifiable by superficial factors such as their looks or their names. Neither party nor the Court sought to inquire into the racial composition of the jury pool during jury selection. Therefore, Plaintiff's assertion that the jury pool did not contain any African-Americans is an unsupported superficial assumption.

II.     *BATSON v. KENTUCKY* IS INAPPLICABLE.

Plaintiff's reliance on *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986) is clearly misguided. The *Batson* Court held that preemptory challenges on account of race are in violation of the Equal Protection Clause. Plaintiff does not allege that City Defendants sought to preempt any potential jurors because of their race. Nothing in the record indicates that City Defendants exercised its preemptory challenges in a racially discriminatory manner. Further, "a defendant has no right to a petit jury composed in whole or in part of persons of his own race." *Id.,* 476 U.S. at 85, 106 S. Ct. at 1717. Clearly, *Batson* is inapplicable to the issue at hand.

III.     PLAINTIFF CANNOT MEET HIS BURDEN OF PROVING A CONSTITUTIONAL VIOLATION IN THE JURY SELECTION PROCESS.

Although Plaintiff expressly relies on *Batson* for his Motion For Mistrial, it appears that he is actually raising a different issue – constitutional right to have an impartial jury of his peers. *See* Plaintiff's Motion For Mistrial at 2-5. Plaintiff contends that his constitutional right has been violated because there was an absence of black jurors in his jury panel, which did not reflect a fair cross-section of the local community. *See* Plaintiff's Motion For Mistrial at 2. However, the cases cited in Plaintiff's Motion fail to support his argument that the absence of black jurors in his jury panel is a violation of Plaintiff's Fourteenth Amendment constitutional right.

The United States Supreme Court has developed the following three-part test for establishing a prima facie violation of the fair-cross-section requirement:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; (3) and that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missour*, 439 U.S. 357, 364, 99 S. Ct. 664, 668 (1979). Additionally, in order to establish a prima facie Fourteenth Amendment equal protective violation in the jury selection process, Plaintiff must also show discriminatory intent. *Thomas v. Borg,* 159 F.3d 1147, 1150 (9th Cir. 1998).

City Defendants do not contest that African Americans are a distinct group within the meaning of the *Duren* three-part test. However, Plaintiff cannot prove that the representation of African-Americans in jury venires from which juries are selected is not fair and reasonable, and that the alleged under-representation is due to any systematic exclusion of African-Americans in the jury-selection process.

    A.    THE JURY VENIRES IS FAIR AND RESONABLE IN RELATION TO THE POPULATION OF THE COMMUNITY.

The United States District Court for the District of Hawaii randomly selects potential jurors from a combined list of active voter registration records and drivers' license records. *See* Exhibit "A," Jury Frequently Asked Questions, www.hid.uscourts.gov/hid/CourtInfor.nsf. This Court's judicial website discloses that the combined active voter registration records and drivers' license records creates the court's "Master Jury Wheel" from which potential jurors selected at random. *See id*. However, persons who have pending criminal charges, been convicted of a felony, or hold certain occupations, including full-time military, police, firefights, and elected public officials, may not serve as jurors. *See id*.

To satisfy the second-prong of the *Duren* test, Plaintiff must prove, typically by statistical data, that the jury pool does not adequately represent the distinct group in relation to the number of such persons in the community. *See Thomas v. Borg*, 159 F.3d 1147, 1150 (9th Cir. 1998). In determining the underrepresentation of a particular group in jury venires, the Ninth Circuit uses an absolute disparity

5

analysis. *See id.* The Ninth Circuit determine absolute disparity by "taking the percentage of the group at issue in the total population and subtracting from it the percentage of that group that is represented on the master jury wheel." *Id.*

Plaintiff did not present the statistics necessary for this Court to properly conduct the absolute disparity analysis. Plaintiff simply stated his observation that there were no African-Americans on the particular panel from which his trial jury was chosen. *See* Motion for Mistrial at 2. However, Plaintiff provided no statistics on the master jury list from which the jurors were selected. Plaintiff presents no evidence regarding the composition of the United States District Court for the District of Hawaii venires or panels over time, or of the composition of the master jury wheel. Moreover, Plaintiff presents no evidence to support his conclusory statement that African-Americans make up 2% of the population in the State of Hawaii. His statement with respect to the percentage of "black men" in the prison population is simply irrelevant to the issue are hand because they are exempted from jury service. *See* Motion For Mistrial at 5.

Even assuming we take Plaintiff's observation and percentages as true, the absolute disparity in this case still does not rise to the level of a constitutional violation. Taking Plaintiff's observation and percentages as true, the absolute disparity in this case would have been 2% (2% census population minus 0% African-American on the jury panel). The Ninth Circuit has previously rejected

claims of substantial underrepresentation where the absolute disparity was much greater than this. *See, e.g., Thomas v. Borg*, 159 F.3d 1147 (9th Cir. 1998) (5%); *United States v. Esquivel*, 88 F.3d 722 (9th Cir. 1996) (4.9%); *United States v. Suttiswad*, 696 F.2d 645 (9th Cir. 1982) (7.7%). Therefore, the alleged disparity in this case fails to support a prima facie case of a constitutional violation.

      B.    AFRICAN-AMERICANS WERE NOT SYETEMATCALLY EXCLUDED FROM THE JURY SELECTION PROCESS.

There is no indication that African-Americans were underrepresented on the venire in relation to their number in the community. Even assuming *arguendo* that African- American were underrepresented, there is no indication that it was due to systematic exclusion in the jury selection process. "All the Constitute forbids . . . is systematic exclusion of identifiable segments of the community from jury panels and from the juries ultimately drawn from those panels." *Apodaca v. Oregon*, 406 U.S. 404, 413, 92 S. Ct. 1628, 1634 (1972). Plaintiff may not "challenge the makeup of a jury merely because no members of his race are on the jury." *See id. Accord, Gordon v. Duran*, 895 F.2d 610, 615 (1990). Plaintiff must prove that his race has been systematically excluded from his jury pool.

In *U.S. v. Greatwalker*, 356 F.3d 908 (8th Cir. 2004), the Court upheld the district court's draw of its jury pool randomly from lists of those who voted in the last presidential election. The Court stated:

> Absent proof that Native Americans, in particular, face obstacles to voter registration in presidential elections, <u>ethnic and racial disparities between the general population and jury pools do not by themselves invalidate the use of voter registration lists and cannot establish the "systematic exclusion" of allegedly under-represented groups</u>.

*See id*. at 911 (emphasis added). Absent proof that African-Americans face obstacles in registering to vote and obtaining driver licenses, Plaintiff's claim fails. Additionally, in order to prevail in his Fourteenth Amendment argument, Plaintiff must prove discriminatory intent. Here, Plaintiff has not presented any evidence sufficient to satisfy the third prong of the *Duren* test.

    C.    <u>MILITARY EXEMPTION TO JURY SERVICE IS NOT IMPROPER.</u>

Lastly, Plaintiff argues that the jury pool should include military personnel residing in Hawaii to which the census population of African-Americans would double. Once again, Plaintiff failed to provide any citation to the various statistics he capriciously cited. This argument lacks merit as there is no evidence to indicate that military personnel faces obstacles from becoming citizens of this State to obtain driver licenses or register to vote if they so choose. Also, this argument is frivolous because the United States Supreme Court has previously approved military exemption for jury service. *See Taylor v. Louisiana*, 419 U.S. 522, 534, 95 S. Ct. 692, 700 (1975).

In upholding military exemptions, the United States Supreme Court in *Taylor* reasoned, "exemptions from jury service to individuals ⋯ engaged in

particular occupations the uninterrupted performance of which is critical to the community's welfare" is not improper. *See id.* "It would not appear that such exemptions would pose substantial threats that the remaining pool of jurors would not be representative of the community." *Id.* Clearly, occupations related to national defense are critical to the community's welfare. As such, it is not improper to exempt military personnel from jury service.

IV. <u>CONCLUSION</u>

In conclusion, Plaintiff's Motion is untimely and should be denied. Further, Plaintiff cannot meet the proof required under *Duren v. Missouri*, 439 U.S. 357, 99 S. Ct. 664 (1979). In light of the foregoing, City Defendants respectfully request that Plaintiff Matthew Harrell's Motion For Mistrial be DENIED.

DATED: Honolulu, Hawaii, March 6, 2006.

    CARRIE K.S. OKINAGA
    Corporation Counsel


By  /s/Jane Kwan
    DEREK T. MAYESHIRO
    MOANA A. YOST
    JANE KWAN
    Deputies Corporation Counsel
    Attorneys for Defendants